IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST; NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; WESTERN WASHINGTON SHEET METAL TRAINING TRUST; NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST; and SHEET METAL WORKERS LOCAL 66, <br><br> Plaintiffs, <br><br> v. <br><br> LEE FABRICATORS, INC.; CLYDE PENWELL, an individual, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132, and to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and for breach of contract. Jurisdiction for the First Claim for Relief is conferred upon this Court by 29 U.S.C. § 1132(a), (e) and (f). Jurisdiction for the Second Claim for Relief is conferred

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.      - Page 1

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

upon this Court by 29 U.S.C. § 185(a).  Jurisdiction for the Third Claim for Relief is conferred upon this Court by 28 U.S.C. § 1367.  Venue for the First Claim of Relief is conferred upon this Court by 29 U.S.C. § 1132(e).  Venue for the Second Claim of Relief is conferred upon this Court by 29 U.S.C. § 185(a). Venue for the Third Claim of Relief is conferred upon this Court by  28 U.S.C. § 1391(b)(1) and (2), and 28 U.S.C. § 1391(c).

**PARTIES**

2. Plaintiff NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST (hereafter "Northwest Organizational Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Northwest Organizational Trust is administered in the State of Washington from its place of business at 118 North Lewis Street, Suite 110, Monroe, WA 98272.

3. Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Welfare Fund is administered in the State of Washington.

4. Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Pension Fund is administered in the State of Washington.

5. Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. §

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.          - Page 2

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

<a>
<p>
</a>

1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

6. Plaintiff WESTERN WASHINGTON SHEET METAL TRAINING TRUST (hereafter "Training Trust") is a labor management training fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Training Trust is administered in the State of Washington.

7. Plaintiff NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST (hereafter "Cooperation Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Cooperation Trust is administered in the State of Washington.

8. Plaintiff SHEET METAL WORKERS LOCAL 66 ("Local 66") is a labor organization. It represents for purposes of collective bargaining persons who are employed in the construction and sheet metal industries. Those industries affect commerce within the meaning of the Act.

9. Defendant LEE FABRICATORS, INC., ("Lee Fabricators") is a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local 66. That industry affects commerce within the meaning of the Act. Lee Fabricators has employed or does employ persons represented by Local 66. Lee Fabricators' principal place of business is 6362 NW Warehouse Way, Silverdale, WA, 98383.

10. Defendant CLYDE PENWELL, is a resident of the state of Washington and at all material times was a governor and owner of Lee Fabricators. His registered physical address is the same as that of Lee Fabricators.

**FIRST CLAIM FOR RELIEF**

(Contribution Liability - ERISA)

11. Plaintiffs reallege and incorporate by reference as though set forth fully herein

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.        - Page 3

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

paragraphs 1 through 10 above.

12. The collective bargaining agreement between Defendant and Local 66 was in effect at all times material hereto. By that agreement Defendant Lee Fabricators became obligated to make monthly contributions to Plaintiffs Welfare, Pension, Supplemental Pension, Training, and Cooperation Trusts on behalf of employees represented by Local 66. By that agreement Defendant Lee Fabricators also became obligated to comply with the terms of the trust agreements adopted by Plaintiffs.

13. Defendant Lee Fabricators has also agreed to and has received money from its Local 66 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 66 as part of each employee's dues obligation. Defendant Lee Fabricators holds such money in trust.

14. Payments due to Plaintiffs Welfare, Pension, Supplemental Pension, Training, and Cooperation Trusts, and the amounts of employees' after-tax wages held in trust by Defendant Lee Fabricators, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant Lee Fabricators.

15. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month.

16. Beginning in January 2023, and continuing to date, Defendant Lee Fabricators has failed to timely make all contributions to Plaintiffs, and has incurred late fees for months in which it paid after the 15th of the following month, despite its obligation under the collective bargaining agreement to do so and despite demand by Plaintiffs.

17. Defendant Lee Fabricators' contributions owed remain unpaid at this time. As such, Defendant Lee Fabricators owes outstanding contributions, in violation of its obligations under the trust agreements and the collective bargaining agreement.

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.            - Page 4

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

18. As such, Defendant Lee Fabricators owes outstanding contributions and late fees, in violation of its obligations under the trust agreements, the collective bargaining agreement, and Section 515 of ERISA, 29 U.S.C. § 1145, which requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

19. Unless ordered by this Court, Defendant Lee Fabricators will continue to refuse to pay to Plaintiffs the contributions, liquidated damages and interest due them. As a result, Plaintiffs will be irreparably damaged.

20. Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g):

 (a) the unpaid contributions;

 (b) interest on the unpaid contributions;

 (c) an amount equal to the greater of–

  (i) interest on the unpaid contributions established by the trust agreement of 12% per annum, or

  (ii) liquidated damages of 20% of delinquent contributions provided for under the trust agreement and collective bargaining agreement;

 (d) reasonable attorneys' fees and the costs of this action;

 (e) such other legal or equitable relief as the court deems appropriate.

## SECOND CLAIM FOR RELIEF

(Contribution Liability - NLRA)

21. Plaintiffs reallege and incorporate by reference as though set forth fully herein paragraphs 1 through 20 above.

22. Plaintiffs are also entitled to the following pursuant Section 301 of the Act, 29

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.    - Page 5

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

U.S.C. § 185, as amended, to enforce the terms of the collective bargaining agreement, which in turn requires Defendant Lee Fabricators to comply with Plaintiffs' trust agreements.

23. Plaintiffs' trust agreements require Defendant Lee Fabricators to remit all contributions due to Plaintiffs prior to their due date. In the event of an employer's failure to do so, the trust agreements provide for Plaintiffs to recover:

(a) the unpaid contributions;

(b) liquidated damages of 20% of delinquent contributions;

(c) interest of 12% per annum on delinquent contributions;

(d) reasonable attorney fees and court costs.

### THIRD CLAIM FOR RELIEF

(Breach of Contract)

24. Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 23 above.

25. In December 2023, for good and valuable consideration, Plaintiffs and Defendants Lee Fabricators and Clyde Penwell entered into an agreement ("Settlement Agreement") to resolve unpaid amounts due under Defendants' contribution obligations to Plaintiffs. The Agreement required, *inter alia*, Defendants Lee Fabricators and Clyde Penwell to repay amounts due to Plaintiffs for Lee Fabricators' previous delinquencies from January 2023 through October 2023 by making monthly payments of $942.71 per month from February 2024 through January 2026, until the amount due of $20,026.30 was paid in full.

26. The Agreement specified that an additional $1,445.60 in liquidated damages owed by Defendants would be held in abeyance until Lee Fabricators' full performance under the terms of the Agreement, at which time the liquidated damages amount would be waived. The Agreement specified that if complete repayment was not made according to the terms of the Agreement, the amount outstanding in liquidated damages would not be waived and

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.     - Page 6

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

would be owed by Lee Fabricators.

27. Defendants also agreed in the Agreement that Lee Fabricators would remain current with all ongoing contributions due to Plaintiffs while repaying the amounts due under the Agreement, and if Lee Fabricators did not remain current with its ongoing contributions or fell behind in its repayment amounts, the full amounts due to Plaintiffs under the Agreement, any other outstanding contributions owing at the time of such failure, and liquidated damages and interest on all unpaid contributions would be due and payable.

28. Defendant Clyde Penwell personally guaranteed the amounts owed by Defendant Lee Fabricators under the Agreement, and agreed in the Agreement that in the event Lee Fabricators failed to comply with its promises under the Agreement, that he would be personally liable for all amounts due under the Agreement.

29. Since the date of the execution of the Agreement, Lee Fabricators has failed to keep current with the ongoing contributions due to Plaintiffs, including failing to pay over $5,741 in contributions and late fees, while repaying the amounts due under the Agreement.

30. Defendant Clyde Penwell is liable to Plaintiffs for the same dollar amounts as Defendant Lee Fabricators.

31. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendants:

1. Obligating Defendants to pay to Plaintiffs Welfare, Pension, Supplemental Pension, Training, and Cooperation Trusts, and Local 66 the full amount of contributions owing to them, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreements, and the collective bargaining agreement, in an amount to be proven at trial, but no less than $32,318.72, which includes unpaid contributions, interest, liquidated damages, and

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.        - Page 7

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

reasonable attorneys' fees to date;

2. Restraining and enjoining Defendants, their officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them from refusing to pay to Plaintiffs all funds, including interest, penalties, and liquidated damages, due to them;

3. Requiring Defendants to pay to Plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4. Granting Plaintiffs such further and other relief as may be just and proper.

DATED this 31st day of July, 2024.

          MCKANNA BISHOP JOFFE, LLP

          /s/ Andrew Toney-Noland
          Andrew Toney-Noland
          WSBA No. 60645
          1635 NW Johnson St.
          Portland, OR 97209
          Telephone: 503-446-3662
          Email: atoney-noland@mbjlaw.com

          Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.        - Page 8

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121