UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; WESTERN WASHINGTON SHEET METAL TRAINING TRUST; and SHEET METAL WORKERS LOCAL 66,<br><br>Plaintiffs,<br><br>v.<br><br>LEE FABRICATORS, INC.; and CLYDE PENWELL, an individual,<br><br>Defendants. | C24-1159 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiffs' motion for default judgment against Defendant Lee Fabricators, Inc., docket no. 16, and Plaintiffs' motion for summary judgment against Defendant Clyde Penwell, docket no. 18. Having reviewed all papers filed in support of the motions, the Court enters the following order.

ORDER - 1

**Background**

Plaintiffs[1] are various employee benefit trust funds (collectively, the "Trusts") and a labor organization that represents those who are employed in the construction and sheet metal industries. *See* Compl. at ¶¶ 2–8 (docket no. 1). Defendant Lee Fabricators, Inc. ("Defendant Lee Fabricators") is a sheet metal contractor and, at all relative times, was signatory to a Collective Bargaining Agreement ("CBA") with plaintiff Sheet Metal Workers Local 66, both through its bargaining agent, the Western Washington Chapter Sheet Metal and Air Conditioning Contractors' National Association, and through its own addendum. *See id.* at ¶ 9; *see also* First Toney-Noland Decl. at ¶¶ 9–10, Exs. A–B (docket nos. 17 & 17-1).[2] Under the CBA, Defendant Lee Fabricators is obligated to make monthly contributions to Plaintiffs' Welfare, Pension, Supplemental Pension, and Training Trusts on behalf of covered employees, and to comply with the terms of the trust agreements ("Trust Agreements"). *See* First Toney-Noland Decl. at ¶¶ 11–15, Exs. C–F (docket nos. 17 & 17-1). According to the Trust Agreements, delinquent employers are required to pay liquidated damages of 20% of unpaid contributions following the institution of a suit, interest at 12% per annum compounded monthly, and reasonable attorneys' fees and costs incurred in collection efforts. *Id.* at ¶ 20, Exs. C–F.

---

[1] Plaintiffs Northwest Sheet Metal Workers Organizational Trust and Northwest Sheet Metal Labor Management Cooperation Trust were terminated on June 17, 2025. *See generally* Docket.

[2] Some of Plaintiffs' exhibits attached to the declarations submitted in support of their motions are not text searchable. This has made them very difficult for the Court to review. In this district, parties are encouraged to submit filings in text-searchable format. *See* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases (Mar. 26, 2025) at 3.

ORDER - 2

From January 2023 through February 2024, Defendant Lee Fabricators submitted monthly reports of hours worked by covered employees and the amounts due to the Trusts but failed to remit any of the required contributions. *Id.* at ¶ 21, Ex. G. In December 2023, Defendant Lee Fabricators and Clyde Penwell ("Defendant Penwell"), the owner and governor of Defendant Lee Fabricators, entered into a Settlement Agreement (the "Settlement Agreement") with Plaintiffs to resolve unpaid contributions, liquidated damages, interest, and attorneys' fees for January through October 2023. *See* First Toney-Noland Decl. at ¶ 22, Ex. H (docket nos. 17 & 17-1); Compl. at ¶ 25 (docket no. 1). The Settlement Agreement called for payment in the amount of $20,026.30, to be repaid in monthly installments of $942.71 beginning in February 2024 through January 2026 until the amount was paid in full. *Id.* According to the Settlement Agreement, Defendant Lee Fabricators was required to remain current on all ongoing contributions while making installment payments, and failure to do so would render the outstanding balance, together with any other unpaid contributions, liquidated damages, and interest, immediately due and payable. *See* First Toney-Noland Decl. at ¶ 24, Ex. H (docket nos. 17 & 17-1). Moreover, in the Settlement Agreement, Defendant Penwell personally guaranteed the amount owed, and agreed that, in the event Plaintiffs had to bring suit to enforce the Settlement Agreement, he would be "personally liable for all outstanding amounts, along with liquidated damages, interest and attorneys' fees and costs." *Id.* at Ex. H. According to the Second Toney-Noland Declaration, docket no. 19, filed in support of the Summary Judgment Motion, Defendant Lee Fabricators has defaulted on its payments

and Defendant Penwell has not stepped in as the personal guarantor. *See* Second Toney-Noland Decl. at ¶¶ 26–27 (docket no. 19).

Plaintiffs filed this action on July 31, 2024, alleging violations of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) [3], violations of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and breach of contract. *See generally* Compl. (docket no. 1). Defendant Lee Fabricators was served on August 28, 2024, but has failed to appear. *See* First Toney-Noland Decl. ¶ 31 (docket no. 17). Defendant Penwell represented in the Joint Status Report that Defendant Lee Fabricators "does not intend to enter an appearance to contest this lawsuit." Joint Status Report at 5 (docket no. 8). On November 12, 2024, the Clerk entered default against Defendant Lee Fabricators. *See* Ord. (docket no. 12). On June 20, 2025, Plaintiffs filed a motion for default judgment (the "Default Judgment Motion") against Defendant Lee Fabricators. *See* Mot. (docket no. 16). On July 11, 2025, Plaintiffs filed a motion for summary judgment (the "Summary Judgment Motion") against Defendant Penwell. *See* Mot. (docket no. 18). Neither Defendants filed oppositions to the Motions.

/ / /

/ / /

/ / /

---

[3] In their Complaint, Plaintiffs style the "Second Claim for Relief" as one arising under "§ 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185." *See* Compl. at ¶¶ 21–23 (docket no. 1). Plaintiffs' characterization is incorrect. Section 301 is not part of the original NLRA (codified at 29 U.S.C. §§ 151–169), but rather the LMRA, 29 U.S.C. § 185. The Court therefore treats the Second Claim for Relief as properly brought under the LMRA Section 301.

ORDER - 4

**Discussion**

    **A.  Motion for Default Judgment**

        **i.  The *Eitel* Factors**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party when the Clerk, under Rule 55(a), has already entered default against that party based upon failure to plead or otherwise defend the action. A plaintiff is not entitled to default judgment as a matter of right; a court has discretion whether to enter a default judgment. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). As a general rule, default judgments are ordinarily disfavored, and cases should be resolved on the merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Courts in the Ninth Circuit consider the following factors, often called the "*Eitel* factors*,*" when determining whether default judgment is appropriate. *Id.* at 1471–72; *see Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co.*, 2019 WL 1572675, at *6 (W.D. Wash. Apr. 11, 2019). Generally, courts must accept as true the well-pleaded allegations in the complaint. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

In this case, the Clerk has already entered default, and the Court finds that the *Eitel* factors weigh heavily in favor of granting default judgment. Accordingly, Plaintiffs' Default Judgment Motion is granted.

        **ii.  Damages**

Having found default judgment against Defendant Lee Fabricators appropriate, the Court turns to the issue of damages. Although allegations in the Complaint regarding

ORDER - 5

liability are deemed to be admitted, allegations regarding damages are not. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Unliquidated damages must be supported by admissible evidence. *Carpenters Sw. Admin. Corp. v. Gypsum Enterprises, Inc.*, 2016 WL 7638104, at *3 (C.D. Cal. Apr. 22, 2016). In this case, Plaintiffs seek delinquent contributions, interest, liquidated damages, and attorneys' fees and costs.

Under Section 1132(g)[4], "a plan fiduciary who prevails in a [Section] 1145 claim is entitled to: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contributions or liquidated damages as specified in the plan; (4) reasonable attorneys' fees and costs; and (5) other appropriate legal or equitable relief." *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. C & L Coatings, Inc.*, 2012 WL 7748318, at *7 (N.D. Cal. Dec. 18, 2012), *report and recommendation adopted sub nom. Bd. of Trustees v. C & L Coatings, Inc.*, 2013 WL 1087849 (N.D. Cal. Mar. 13, 2013). Plaintiffs in this case seek damages in the form of unpaid contributions, liquidated damages, pre-judgment interest, and attorneys' fees and costs from Defendant Lee Fabricators. *See* Mot. at 2 (docket no. 16); *see also* Compl. at 5, 7, 8 (docket no. 1).

/ / /

/ / /

---

[4] Plaintiffs seek recovery of the same damages under the Settlement Agreement, or, in the alternative, under the mandatory provisions provided by ERISA. *See* Mot. at 5–6 (docket no. 16). The categories of damages available under the Settlement Agreement mirror those mandated under ERISA Section 502. *Compare* First Toney-Noland Decl., Ex. H (docket no. 17-1) *with* 29 U.S.C. § 1132(g)(2). Because ERISA provides the Court with the mandatory measure of relief, the Court calculates damages under Section 502(g)(2) and does not duplicate the award for damages against Defendant Lee Fabricators under the Settlement Agreement.

ORDER - 6

### a. Unpaid Contributions

Plaintiffs provide sufficient evidentiary support for its claim that Defendant Lee Fabricators is liable for $22,646.61 in delinquent contributions for the period of January 2023 through February 2024, inclusive. *See* First Toney-Noland Decl. at ¶¶ 28, 29, Ex. C, Ex. G (docket nos. 17 & 17-1). Upon review of Plaintiffs' calculations based on the Agreements, *see id.* at ¶¶ 28, 29, the Court concludes that they are correct. Further, Plaintiffs have confirmed that none of the benefit contributions have been paid. *See id.* at ¶ 26.

### b. Liquidated Damages

Plaintiffs also seek $4,529.32 in liquidated damages pursuant to the Trust Agreements for unpaid contributions for the period of January 2023 through February 2024. *See* Mot. at 2 (docket no. 16); *see also* First Toney-Noland Decl. at ¶ 20, Exs. C–F (docket nos. 17 & 17-1). An award of liquidated damages under Section 1132(g)(2) is "mandatory and not discretionary." *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984). To be entitled to such a mandatory award, however, a plaintiff must satisfy three requirements: "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). In this case, all three requirements have been met. First, Plaintiffs have alleged that Defendant Lee Fabricators was delinquent in paying all of its employee benefit contributions. *See* First Toney-Noland Decl. at ¶¶ 25–27 (docket no. 17). Second, the Court will be entering default

ORDER - 7

judgment in favor of Plaintiffs. Third, the Trust Agreements provide for the recovery of liquidated damages. *See id.*, Exs. C–F (docket no. 17-1). Accordingly, the Court finds that the Plaintiffs have met their burden of proof and awards them $4,529.32 in liquidated damages.

### c. Interest

Plaintiffs next request $5,512.19 in pre-judgment interest on the unpaid employee benefit contributions. Mot. at 2 (docket no. 16). An award of interest on unpaid employee benefit contributions is authorized by Section 1132(g)(2)(B), and such interest "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g). Consistent with the statute and the Trust Agreements, the amount of interest was calculated at 12 percent per annum, compounded monthly from the date the contributions first became due through the date the Declaration was filed. First Toney-Noland Decl. ¶¶ 28–29, Ex. G (docket nos. 17 & 17-1). Accordingly, Plaintiffs are entitled to interest in the amount of $5,512,19.

### d. Attorneys' fees and Costs

Plaintiffs request $4,533.00 in attorneys' fees and $1,635.26 in costs in connection with this action against Defendant Lee Fabricators. *Id.* ¶ 33, Ex. I (docket nos. 17 & 17-1); Mot. at 2, 6–7 (docket no. 16). A plaintiff is entitled to acquire "reasonable attorney's fees and costs of the action[] to be paid by the defendant." *See* 29 U.S.C. § 1132(g)(2)(D). To calculate an award of attorneys' fees in ERISA actions, courts in this circuit use a hybrid lodestar/multiplier approach. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). This approach has two parts. *Id.* First, a court

ORDER - 8

determines the "lodestar" amount by multiplying the number of hours reasonably expended on litigating the action by a reasonable hourly rate. *Id.* Second, a court may adjust the lodestar using a multiplier based on factors not submitted in the initial calculation. *Id.* To determine the total amount claimed, Plaintiffs in this case used the lodestar method and have not requested an adjustment of that method. *See* Mot. at 6–7 (docket no. 16); First Toney-Noland Decl. at ¶ 33, Ex. I (docket nos. 17 & 17-1). The Court finds that the attorney and non-attorneys' fees and costs are reasonable in light of the rates requested and hours expended on this matter. Plaintiffs may recover $4,533.00 in attorneys' fees and $1,635.26 in costs from Defendant Lee Fabricators.

**B. Motion for Summary Judgment**

Plaintiffs move for summary judgment against Defendant Penwell under Federal Rule of Civil Procedure 56(a). *See* Mot. at 4 (docket no. 18). Although Defendant Penwell has not responded, the Court must still determine whether any genuine issue of material fact exists. *See Henry v. Gill Indus.*, Inc., 983 F.2d 943, 950 (9th Cir. 1993). In this case, there is none.

Under the Settlement Agreement, Defendant Lee Fabricators agreed to repay owed contributions under the CBA for the months of January 2023 through October 2023, and also agreed to remain current with all ongoing contributions from November 2023 while repaying the amounts owed. *See* First Toney-Noland Decl., Ex. H (docket no. 17-1). Further, Defendant Penwell personally guaranteed all amounts owed by Defendant Lee Fabricators, including contributions, liquidated damages, interest, and attorneys' fees and costs included in the repayment amounts or related to ongoing contributions. *See id.* If

Defendant Lee Fabricators did not remain current with its ongoing contributions or fell behind on its repayment amounts, the full amounts due under the Settlement Agreement and any other outstanding contributions owed at the time of failure, and liquidated damages, prejudgment interest on all unpaid contributions, and attorneys' fees and costs would be immediately due and payable, and Defendant Penwell would also be personally liable for those amounts. *Id.*

It is undisputed that Defendant Lee Fabricators has failed to make the required payments and ongoing contributions under the Settlement Agreement, and Defendant Penwell has not honored his guaranty. *See* Second Toney-Noland Decl. at ¶¶ 26–27 (docket no. 19). Plaintiffs are thus entitled to summary judgment against Defendant Penwell for breach of the Settlement Agreement,[5] and Defendant Penwell is jointly and severally liable for all unpaid contributions, liquidated damages, interest, and attorneys' fees and costs owed by Defendant Lee Fabricators under ERISA, 29 U.S.C. § 1132(g)(2).

Plaintiffs request $5,335.00 in attorneys' fees and $708.64 in costs in connection with this action against Defendant Penwell. *See* Mot. at 7 (docket no. 18). Pursuant to the Settlement Agreement, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in enforcing the Settlement Agreement against him. *See* Second Toney-Noland Decl., Ex. H (docket no. 19). According to the Court's calculations,

---

[5] Plaintiffs also argue that, in the alternative, they are entitled to summary judgment against Defendant Penwell under ERISA § 502(g), 29 U.S.C. § 1132(g)(2). *See* Mot. at 4 (docket no. 18). That section of ERISA, however, authorizes mandatory remedies only in actions to enforce 29 U.S.C. § 1145, which imposes a contribution obligation on "employers." According to the record and because Defendant Penwell is liable solely as a guarantor under the Settlement Agreement and not as the statutory employer, § 502(g)(2) does not apply here. Plaintiffs are instead entitled to contractual damages against Defendant Penwell in his capacity as a guarantor as a matter of law.

ORDER - 10

Plaintiffs incurred $3,137.00 in attorneys' fees and $303.64 in costs in enforcing Defendant Penwell's obligations under the Settlement Agreement. *See* Second Toney-Noland Decl., Ex. I (docket no. 19-1)[6].

**C. Injunctive Relief**

In their Complaint, Plaintiffs request that the Court restrain and enjoin Defendants from refusing to pay Plaintiffs damages, *see* Compl. at 8 (docket no. 1). Plaintiffs have not, however, included this request in their Motions, nor do they include it as a form of relief sought in their proposed judgments. *See* Mots. (docket nos. 16 & 18); *see also* Proposed Judgments (docket nos. 16-1 & 18-1). Accordingly, the Court declines to grant this relief.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiffs' motion for default judgment, docket no. 16, is GRANTED, and Plaintiffs' motion for summary judgment, docket no. 18, is GRANTED. Defendants are jointly and severally liable for the following delinquent amounts currently due, together with reasonable attorneys' fees and costs totaling $38,856.38, as follows:

(a)     $22,646.61 in employee benefit contributions due for the period of January 2023 through February 2024, inclusive;

---

[6] Although Plaintiffs seek $5,335.00 in attorneys' fees and $708.64 in costs against Defendant Penwell, *see* Mot. at 7 (docket no. 18), the supporting billing records demonstrate that a portion of those fees and costs were incurred in connection with both Defendants. *See* First Toney-Noland Decl., Ex. I (docket no. 17-1) *and* Second Toney-Noland Decl., Ex. I (docket no. 19-1).

ORDER - 11

        (b)    $5,512.19 in pre-judgment interest for the period of January 2023 through February 2024 contributions, inclusive;

        (c)    $4,529.32 in liquidated damages for the period of January 2023 through February 2024, inclusive; and

        (d)    $4,533.00 in attorneys' fees and $1,635.26 in costs.

(2)    Defendant Penwell is independently liable for Plaintiffs' reasonable attorneys' fees and costs incurred in bringing this action against him in the amounts of $3,137.00 in attorneys' fees and $303.64 in costs, for a total of $3,440.64.

(3)    Plaintiffs are entitled to post-judgment interest on each category of damages awarded at the rate fixed under 28 U.S.C. § 1961 on the date of entry of the corresponding Judgment to this Order, docket no. 22.

(4)    The Clerk is directed to enter Judgment consistent with this Order; to send a copy of this Order and the Judgment to all counsel of record, to Clyde Penwell in his personal capacity, at P.O. Box 326, Brinnon, WA 98320, and in his capacity as the registered agent of Lee Fabricators, Inc., at 6362 NW Warehouse Way, Silverdale, WA 98383 and at 308632 Highway 101, Brinnon, WA 98320; and to CLOSE this case.

IT IS SO ORDERED.

Dated this 26th day of August, 2025.

                                                      Thomas S. Zilly
                                                      United States District Judge